**MEMO ENDORSED**

# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

April 13, 2021

> Plaintiff's request is granted. The Clerk of Court is respectfully directed to terminate the motion. Doc. 171.
>
> So ordered.
>
> Edgardo Ramos, U.S.D.J
> Dated: 4/14/2021
> New York, New York

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
   for the Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *EMR (USA Holdings) Inc. v. Ken Goldberg*, No. 1:18-civ-7849 (ER) (BCM)

Dear Judge Ramos:

My firm, along with Goldfarb PLLC, represents EMR (USA Holdings) Inc. ("EMR") in the above-referenced action and I write in connection with its letter response to Defendants' pre-motion letter regarding a motion to compel additional Rule 30(b)(6) testimony (Doc. 166) from EMR's corporate representative, Andrew Cooley.

In part, Defendants seek additional testimony from Mr. Cooley regarding a spreadsheet containing sensitive business data regarding its sales and purchases from various entities from October 2014 through September 2020 (the "AEO Spreadsheet"). EMR prepared and produced the AEO Spreadsheet as Attorneys' Eyes Only under the Protective Order (Doc. 112) because it contains sensitive information, including Confidential Information under the parties' Contribution and Sales Agreement, trade secret and other sensitive financial data.

In its letter response, EMR refers to and attaches an excerpt of Mr. Cooley's deposition transcript that addresses the testimony that Defendants purport was lacking, and which was designated as Attorneys' Eyes Only because the AEO Spreadsheet was being discussed. Without waiving its designation of the AEO Spreadsheet as Attorneys' Eyes Only, EMR seeks to file a version of the deposition excerpt that redacts the names of EMR customers, which EMR considered to be trade secrets and otherwise sensitive business information.

We respectfully submit that filing under seal the redacted deposition transcript would be appropriate. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing sensitive strategies, policies and sales information); *GoSMiLe, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia*

The Honorable Edgardo Ramos
February 15, 2019
Page 2

*Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "confidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices," including "the cost and profit structures of the defendants").

      In compliance with Your Honor's practices, EMR is publicly filing a version of the deposition excerpt with the proposed redactions and electronically filing under seal a copy of the unredacted transcript with the proposed redactions highlighted. We respectfully request that Your Honor authorize EMR to file the exhibit as redacted under seal.

                                                      Respectfully Submitted,

                                                      /s/ Neil R. Lieberman

                                                      Neil R. Lieberman

cc: Counsel of Record (via ECF)