# LYNN PINKER HURST SCHWEGMANN

ERIC PINKER
Partner
Board Certified – Civil Trial Advocate
National Board of Trial Advocacy

D 214 981 3837
F 214 981 3839
epinker@lynnllp.com

Lynn Pinker Hurst & Schwegmann, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
lynnllp.com

May 24, 2021

**MEMO ENDORSED**

> Defendants' request is granted. The Clerk of Court is respectfully directed to terminate the motion. Doc. 182.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 5/25/2021
> New York, New York

<u>Via CM/ECF Posting</u>

The Honorable Edgardo Ramos
United States District Court
 for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>*EMR (USA Holdings) Inc. v. Ken Goldberg*,</u>
<u>Case No. 18 Civ. 7849 (ER) (BCM)</u>

Dear Judge Ramos:

We write on behalf of Defendants Ken Goldberg and Neil Goldberg (together, the "Goldbergs") in connection with the pre-motion letter (the "Pre-Motion Letter") they filed at Docket No. 181 in connection with their forthcoming motion to compel Plaintiff EMR (USA Holdings) Inc. ("EMR") to supplement its responses to specific interrogatories.

As Defendants have noted in their pre-motion letter, EMR failed to sufficiently respond to Ken Goldberg's Third Set of Interrogatories. Defendants specifically contend that EMR refused to provide adequate responses to Interrogatories 20, 21, 22 and 23 relating to the customers, supplies, and claimed confidential information that EMR alleges Ken Goldberg misused, took or disclosed.

In response to these Interrogatories, EMR identified as responsive (EMR_USA_Holdings_34149), a 600 page spreadsheet produced by EMR containing 7,100 rows and 405 columns of raw financial data about EMR's sales and purchases with various entities from October 2014 to September 2020 (the "Spreadsheet"). EMR designated the Spreadsheet as Attorneys' Eyes Only.

On May 20, 2021, Joe Balzano was deposed as EMR's corporate representative. During Mr. Balzano's Rule 30(b)(6) video deposition, the Goldbergs questioned Mr. Balzano about this Spreadsheet and showed him the document via screenshare.

To assist the Court in understanding the insufficiency of EMR's responses to Interrogatories 20, 21, 22 and 23, the Defendants attached to the Pre-Motion Letter 6 pages from Mr. Balzano's Rule 30(b)(6) deposition transcript (the "Excerpts") that Plaintiffs have designated as "Attorneys' Eyes Only." The Excerpts are found in Exhibit B to the Pre-Motion Letter.

Paragraphs 13 and 14 of the Stipulation and Protective Order and Non-Disclosure Agreement in this action (Docket No. 112) provide, among other things, that any portion of a filing

in this action that reflects the content of discovery material designated confidential "shall be filed under seal with the Clerk of the Court," and that "[a]ny party filing documents under seal must simultaneously file with the Court a letter brief and supporting affidavit justifying . . . the continued sealing of such documents." Accordingly, Defendants are filing the Excerpts under seal. However, Defendants do not contend or concede that the Excerpts contain confidential information, trade secrets, or other sensitive financial information. The Excerpts do not identify any specific business entity by name or description, and do not discuss any financial data.

Under the circumstances, Defendants respectfully request that Your Honor permit the Excerpts to remain under seal with the Clerk of Court until Plaintiff has had a reasonable opportunity to make the necessary showing before Your Honor.

Thank you for your consideration.

Respectfully submitted,

Eric W. Pinker

cc: All Counsel (by CM/ECF Posting)