# HOLWELL SHUSTER & GOLDBERG LLP

**MEMO ENDORSED**

See last page.

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

August 5, 2021

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *EMR (USA Holdings) Inc. v. Ken Goldberg*, No. 1:18-civ-7849 (ER) (BCM)

Dear Judge Ramos:

  My firm, along with Goldfarb PLLC, represents EMR (USA Holdings) Inc. ("EMR") in the above-referenced action and I write in connection with its Opposition to Defendants' Motion for Leave to Amend Answer.

  Defendants argue that leave to amend should be granted because they only recently became aware of facts supporting a defense that the Contribution and Sale Agreement at issue in this case (the "CSA") is ambiguous. In part, they argue that that they first learned through deposition testimony that EMR construes the CSA to include the purchase of their customer and supplier relationships (Doc. 199 ¶ 51) and that no provision of the CSA addresses such a transfer. (*Id.* ¶ 58.)

  In its Opposition, EMR refers to and attaches excerpts from a report prepared by an independent party, Duff & Phelps. The Duff & Phelps report—which was commissioned pursuant to the CSA, and which the parties agreed would govern the value of the intangible assets that were sold thereunder—*expressly valued Gold Metal's customer and supplier relationships*.

  EMR designated the Duff & Phelps report confidential pursuant to the Stipulation and Protective Order and Non-Disclosure Agreement in this action (the "P.O.," Doc. 112) because it contains sensitive financial and valuation information regarding assets that were sold pursuant to the CSA. Paragraphs 13 and 14 of the P.O. provide, among other things, that filings in this action reflecting the content of discovery material designated as confidential "shall be filed under seal with the Clerk of the Court," and that "[a]ny party filing documents under seal must simultaneously file with the Court a letter brief and supporting affidavit justifying … the continued sealing of such documents." Accordingly, EMR is filing the Duff & Phelps report under seal.

The Honorable Edgardo Ramos
August 5, 2021
Page 2

  We respectfully submit that the Duff & Phelps report should remain under seal because it contains sensitive financial and valuation information regarding assets that were sold pursuant to the CSA. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing sensitive strategies, policies andsales information); *GoSMiLe, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "confidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices," including "the cost and profit structures of the defendants").

  Accordingly, EMR respectfully requests that Your Honor permit the Duff & Phelps report (Exhibit 4 to Plaintiff's Opposition to Defendants' Motion for Leave to Amend Answer) to remain under seal with the Clerk of the Court.

Respectfully submitted,

/s/ Neil R. Lieberman

Neil R. Lieberman

cc: Counsel of Record (via ECF)

---

Plaintiff's request is granted. Exhibit 4 may remain under seal, to be viewable by only the parties. Plaintiff is directed to file a copy of its opposition on the public docket.

So ordered.

_____
Edgardo Ramos, U.S.D.J
Dated: 8/10/2021
New York, New York